UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

LORENZO WILSON,                )
   Plaintiff,                      )
                               )
vs.                            )    Case No. 15-4078
                               )
JAMES RUNDLE, et.al.,          )
   Defendants                     )

MERIT REVIEW ORDER

    This cause is before the court for merit review or the Plaintiff's complaint. The court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

    The Plaintiff claims Defendants James Rundle, Anthony Buckley and Lieutenant Vilt violated his constitutional rights at both Hill Correctional Center and Pontiac Correctional Center. The Plaintiff's fifty-two page complaint includes a repetitive recitation of the same allegations which makes it difficult to parse out his intended claims. In addition, Plaintiff's complaint contains exhibits including a lengthy affidavit. (Comp., p. 24-34). To avoid further confusion, the court will not consider the affidavit. Federal Rule of Civil Procedure requires a "short and plain" statement of the intended claims. *See* Fed.R.Civ. P. 8(a). Therefore, any intended claims must be clearly stated in the body of Plaintiff's complaint, not in his attached exhibits.

    Plaintiff alleges he filed a previous lawsuit against Hill Correctional Center Dietary Manager Rundle in 2010. Nonetheless, Defendant Buckley assigned him to work in the Dietary

1

Department in 2013. Plaintiff alleges during this work assignment, he had conversations with Defendant Rundle about the lawsuit and spoke with Defendant Buckley about his concerns working with the Defendant in his litigation.

Two months after he started the job, Plaintiff received a disciplinary ticket accusing him of organizing and participating in a gang. The ticket noted it was based on an Internal Affairs investigation. Plaintiff says he could not have participated in the alleged gang meetings due to his schedule in the prison.

Plaintiff says he has three claims based on these allegations, but each "claim" cited in his complaint appears to allege other potential claims adding to the difficulty in accessing Plaintiff's allegations. Plaintiff states Buckley was working in Internal Affairs at the time of the alleged investigation and conspired with Defendant Rundle to retaliate against him for his previous grievances and complaints. Plaintiff also alleges Defendant Buckley and Rundle conspired to have him immediately transferred to Administrative Detention at Pontiac Correctional Center in retaliation for his grievances.

Furthermore, Plaintiff says he was treated differently than other inmates who received the same ticket; he was not paid for his short tenure in the dietary department; and he was transferred to another facility which made it more difficult to fight the disciplinary ticket.

Plaintiff has adequately alleged Defendants Rundle and Buckley conspired to violate his First Amendment rights. To prove this claim, Plaintiff must demonstrate: (1) an express or implied agreement among Defendants to deprive the Plaintiff of his constitutional rights, and (2) actual deprivations of those rights in the form of overt acts in furtherance of the agreement. *Scherer v Balkema*, 840 F.2d 437, 442 (7th Cir. 1988); *see also Fries v Helsper*, 146 F.3d 452, 457 (1988). It is difficult to discern how either Defendant would have control over the transfer

of an inmate. However, for the purposes of notice pleading, Plaintiff's claim is based on the investigation, disciplinary ticket and transfer.

The Plaintiff has not alleged either Defendant had any role in deciding how the other accused inmates were treated or what discipline they received. Furthermore, "Plaintiff has no right based on federal law to even have a job… much less a right to be paid what he perceives to be a fair wage." *Young v. Monahan*, 2007 WL 2700011 at *1 (C.D.Ill. 2007); *see also McKune v. Lile,* 536 U.S. 24 (2002)(no constitutional claim for reduction in pay from potential minimum wage to .60 cents per day); *Wallace v. Robinson,* 940 F.2d 243, 248 (7th Cir.1991)(prisoner has no constitutional right to particular job assignment).

Plaintiff next alleges the Internal Affairs Supervisor at Pontiac Correctional Center, Lieutenant Vilt, conspired with Defendants Rundle and Buckley to place the Plaintiff in Administrative Detention at Pontiac in retaliation for his grievances. Plaintiff also alleges Vilt then transferred him to Menard Correctional Center in retaliation for his grievances at Pontiac. Finally, Plaintiff appears to allege his living conditions at Pontiac violated his Eighth Amendment rights.

A plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact. Fed.R.Civ.P. 20(a). However, Plaintiff's complaint does not provide any facts which would allow the court to infer his claims against two officers at Hill Correctional Center have any relation to an officer at a different correctional center.

"Vague and conclusory allegations of the existence of a conspiracy are not enough to sustain a plaintiff's burden." *Evers v. Reak,* 21 Fed.Appx. 447, 450 (7th Cir. 2001). Plaintiff's complaint must "specifically allege the what, when, why, and how of the defendants' supposed

agreement to deprive him of his constitutional rights." *Id* (internal citations omitted). Therefore, Plaintiff's vague and ill-defined allegation falls short of the Seventh Circuit's "requirement that a claim of conspiracy be pleaded with specificity." *Id; see also Pinkston-El-Bey v. Illinois*, 358 Fed.Appx. 713, 714 (7th Cir. 2009)("sweeping allegations of unconstitutional conspiracies hatched among a broad swath of Illinois officials are too vague to state a claim."); *Robinson v. Godinez*, 2015 WL 3462373, at *5 (S.D.Ill. 2015)(" vague assertion that all defendants conspired to deprive him of his constitutional rights does not support a conspiracy claim."); *Barnes v. Clark*, 2001 WL 322568, at *5 (N.D.Ill. 2001)(" vague allegations of conspiracy and retaliation in order to bring suit over inconveniences and discomforts that are not of constitutional dimension.") In short, the Plaintiff's claim of conspiracy against Defendant Vilt contains legal conclusions unsupported by factual allegations which would allow the court to draw the reasonable inference that the defendants are liable for the alleged conspiracy of retaliation. *Ashcroft v. Iqbal,* 556 U.S. 662, 677 (2009); *Hanson v. Furst*, 2015 WL 4113423, at *2 (E.D.Wis. 2015).

Furthermore, Plaintiff's claims involving his housing at Pontiac Correctional Center are unrelated to his claims against Defendants Buckley and Rundle. *See George v Smith,* 507 F.3d 605, 607 (7th Cir. 2007)("multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2).  Therefore, the court will dismiss any intended claims against Defendant Vilt and Pontiac Correctional Center. If Plaintiff wishes to pursue these claims, he may file a separate lawsuit. *George,* 507 F.3d  at 607(prisoner may not "dodge" the fee payment or three strikes provisions in the Prison Litigation Reform Act by filing unrelated claims against different defendants in one lawsuit.).  Plaintiff is reminded any lawsuit based on these claims must be filed within the two year statute of

limitations period. *See Wilson v Giesen*, 956 F.2d 738, 740 (7th Cir. 1992); *Farrell v. McDonough*, 966 F.2d 279, 280-82 (7th Cir. 1992).

Plaintiff has filed a motion asking the court to appoint counsel to represent him in this lawsuit.[4]  In considering the Plaintiff's motion, the court asks: "(1) has the indigent Plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007), *citing Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir.1993). The Plaintiff has not provided any evidence that he has attempted to find counsel on his own such as a list of attorneys contacted or copies of letters sent or received.  Therefore, the motion is denied with leave to renew. [4] Plaintiff's motion for a merit review hearing is also denied as moot.[9]

IT IS THEREFORE ORDERED that:

    1) Pursuant to its merit review of the complaint under 28 U.S.C. § 1915A, the court finds the Plaintiff alleges Defendants James Rundle and Anthony Buckley violated his constitutional rights when they conspired to retaliate against the Plaintiff for his previous lawsuit resulting in an investigation, disciplinary ticket and transfer.  The claims are stated against the Defendants in their individual capacities. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

    2) This case is now in the process of service.  Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions.  Motions filed before Defendants'

counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from service to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

6) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense

counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9) The court will dismiss Defendant Vilt as Plaintiff's claims against this Defendant are unrelated to his claims against the surviving Defendants and therefore violate Federal Rules of Civil Procedure 18 and 20. Plaintiff may pursue his claims in a new lawsuit.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO:**

**1) Dismiss Defendant Vilt; 2) deny Plaintiff's motion for appointment of counsel with leave to renew [4]; 3) deny Plaintiff's motion for a merit review hearing as moot [9]; 4) Attempt service on Defendants pursuant to the standard procedures; and, 5) set an internal court deadline 60 days from the entry of this order for the court to check on the status of service and enter scheduling deadlines.**

ENTERED this 5th day of October, 2015.

s/ Michael M. Mihm
_____
MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE

4:15-cv-04078-MMM    # 10    Page 8 of 8